UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TUAN FIELD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA , N.A., et al.,<br><br>    Defendants. | Case No.  15-cv-01262-NJV<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |

This action was removed to this court on March 18, 2015, from the Superior Court of the State of California, County of Del Norte. (Doc. 1.) On March 27, 2015, Plaintiffs filed a Motion to Remand. (Doc. 8.) The court took the matter under submission on the papers pursuant to Civil Local Rule 7-1(b). (Doc. 26.) For the reasons discussed below, the court denies Plaintiffs' motion.

**BACKGROUND**

This action concerns a purchase loan, the possible refinancing of that loan, and the foreclosure on the related deed of trust on real property in Del Norte County, California. The complaint alleges seven causes of:  1) breach of the covenant of good faith and fair dealing; 2) promissory estoppel; 3) anticipatory breach; 4) violation of Cal. Civil Code § 2923.55; 5) violation of Cal. Civil Code § 2923.7; 6) violation of Cal. Civil Code § 2923.12; and 7) unfair business practices. (Doc. 1-2, Exh. A.)

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Kokkonen v. Guardian Life Ins.*

1  *Co.*, 511 U.S. 375, 377 (1994).  In the case of removal, the burden is on the defendant to show the
2  existence of subject matter jurisdiction.  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).
3  Diversity subjection matter jurisdiction requires all parties to the action to be citizens of different
4  states and for the amount in controversy to exceed the value of $75,000, exclusive of interest and
5  costs.  28 U.S.C. § 1332.

**DISCUSSION**

This action was removed by Defendants Select Portfolio Servicing, Inc. ("Select Portfolio Servicing"), and National Default Servicing Corporation ("National Default Servicing") on the ground that this court has diversity subject matter jurisdiction over the matter.  Defendant Bank of America, N.A. ("Bank of America"), has consented to the removal.  Wood Decl., para. 7, Doc. 1-2.; *see* 28 U.S.C. § 1446(b)(2).  Plaintiffs now contend that the court lacks subject matter jurisdiction.

It is undisputed that Plaintiffs reside in and are citizens of California.   Defendants allege in their Notice of Removal that Select Portfolio Servicing is incorporated under the laws of the State of Utah, with its principal place of business in Salt Lake City, Utah.   They therefore assert that Select Portfolio Servicing is a citizen of Utah.  Defendants allege that National Default Servicing is incorporated under the laws of the State of Arizona, with its principal place of business in Phoenix, Arizona.  They therefore assert that National Default Servicing is a citizen of Arizona.  Finally, Defendants allege in their Notice of Removal that Bank of America is incorporated under the laws of the State of North Carolina, with its principal place of business in Charlotte, North Carolina.  They therefore assert that Bank of American is a citizen of North Carolina.

In their Motion for Remand, Plaintiffs assert that Bank of America is a California citizen.  Plaintiffs are mistaken.  Pursuant to 28 U.S.C. § 1348, for the purposes of all actions except those involving the United States as a party,  all national banking associations are "citizens of the States in which they are respectively located."  The Supreme Court has interpreted this to mean that a national banking association is a citizen of the state where its articles of association designate its "main office."  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 313–314 (2006).  Bank of America is a national banking association with its headquarters in Charlotte, North Carolina.   It is

therefore a citizen of North Carolina. *McGuire v. ReconTrust, Co.,* No. 2:11-CV-02787 KJM CKD, 2014 WL 2118231 (E.D. Cal. May 20, 2014) ("Bank of America associated on June 13, 2005 and maintains its main office in Charlotte, North Carolina," and "is a citizen of North Carolina.") The court finds, therefore, that all parties to this action are citizens of different states and that complete diversity exists between the parties.

Plaintiffs also contend in their Motion for Remand that Defendants have not carried their burden of establishing the $75,000.00 amount in controversy necessary to support diversity subject matter jurisdiction. Plaintiffs argue that the entire loan amount is not in controversy and that they are not seeking to invalidate a loan secured by a deed of trust. However, Plaintiffs allege as follows in their Complaint:

> Plaintiff has, as a real, actual, and proximate result of Defendants' conduct, suffered actual and consequential damages in an amount to be determined at trial but in excess of the jurisdictional amount, including the loss of the Property. As a direct and proximate cause of Plaintiff's detrimental reliance on the Defendants' promise, Plaintiff incurred substantial injury, including but not limited to the possible loss of the Subject Property because Defendants proceeded to initiate a wrongful non-judicial foreclosure on the Subject Property, the loss of a permanent modification, back dues and interest that has accrued to date, the reinstatement amount they paid which included late fees and interest, lost the opportunity to pursue other foreclosure options, the cost and expense of the instant pending litigation, and other actual and consequential damages that will be proven on the date of trial.

Complaint, para. 41, Doc. 1-2, Exh. A.

The original Deed of Trust on the property was for $295,100. Complaint, Exh. A. The Notice of Trustee's sale indicates an "[e]stimated amount of unpaid balance and other charges" at $530,685.96. Woods Decl., Exh. C, Doc. 1-2. The Trustee's Deed Upon Sale, dated April 3, 2015, indicates that the amount of the unpaid debt was $463,873.80, and that the property sold for $186,204.73. Request for Judicial Notice, Doc. 23-1.[1] As Defendants argue, the Complaint indicates that Plaintiffs challenge the arrearages. *See, e.g.*, Complaint, Paragraphs 25-27, 72-3.

Amount of indebtedness has been recognized as one of the ways to value foreclosure cases, the other being the fair market value of the property. *Phat Ngoc Nguyen v. Wells Fargo Bank,*

---

[1] Defendants' Request for Judicial Notice filed April 13, 2015, is GRANTED.

1  *N.A.*, 749 F. Supp. 2d 1022, 10280-29 (N.D. Cal. 2010) (citing *Reyes v. Wells Fargo Bank, N.A.*,
2  2010 WL 2629785, *5–6 (N.D. Cal. 2010)).  Here, Defendants Select Portfolio Servicing and
3  National Default Servicing have presented evidence to the court that the amount in controversy is
4  in excess of $186,000.00 (the sales price of the house).  Accordingly, the court finds that
5  Defendants have carried their burden of demonstrating by a preponderance of the evidence that the
6  amount in controversy in this action exceeds the jurisdictional amount of $75,000.00.  Having also
7  found complete diversity between the parties, the court concludes that it has subject matter
8  jurisdiction over this case based on diversity, pursuant to 28 U.S.C. § 1332.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand is DENIED.

**IT IS SO ORDERED**.

Dated:  May 19, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge

4