United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TUAN FIELD, et al.,<br>        Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA , N.A., et al.,<br>        Defendants. | Case No.  15-cv-01262 NJV<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Dkt. No. 6 |

Defendants Select Portfolio Servicing and National Default Servicing Corporation filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs' allegations fail to allege any wrongdoing by them and so fail to state a claim on which relief can be granted. Defendant Bank of America, N.A., joined the motion. (Doc. 13.) The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. Section 636(c). For the reasons set forth below, the court will grant the Motion as to Defendants Select Portfolio Servicing and National Default Servicing Corporation, will grant it in part and deny it in part as to Bank of America, N.A.

**PROCEDURAL HISTORY**

On February 19, 2015, Plaintiffs Tuan Field and Lesley Field filed a Complaint against Defendants Bank of America, N.A ("BANA"), Select Portfolio Servicing, Inc. ("SPS") and National Default Servicing Corporation ("NDSC") in the Superior Court of California for the County Del Norte. The Complaint alleges seven causes of action: (1) Breach of the Covenant of Good Faith and Fair Dealing; (2) Promissory Estoppel; (3) Anticipatory Breach; (4) Violation of California Civil Code Section 2823.55; (5) Violation of California Civil Code Sections 2923.6

1  and 2923.7; (6) Violation of California Civil Code Section 2923.12; and (7) Unfair Business
2  Practice. (Doc. 1-2, p. 9.) These claims all arise from a failed loan modification under the Home
3  Affordable Modification Program ("HAMP"), a program designed to provide affordable loan
4  modifications and other alternatives to foreclosure for eligible borrowers. *See* 12 U.S.C. Sections
5  5201-5253.

On March 18, 2015, Defendants SPS and NDSC removed the action to this court. (Doc. 1.) Defendant BANA consented to the removal. Woods Decl., para. 7 (Doc. 1-2, para. 7.); *see* 28 U.S.C. Section 1446(b)(2)(A).

Plaintiffs filed a Motion to Remand on March 27, 2015. (Doc. 8.) Defendants opposed the motion. (Docs. 14, 21.) The court took the Motion under submission on the papers and denied the Motion on May 19, 2015. (Doc. 28.)

**FACTUAL ALLEGATIONS**

On June 2, 2005, Plaintiffs financed $295,100.00 in a mortgage loan on the real property at 140 Victoria Lane in Crescent City, California ("the Property"). (Deed of Trust ("DOT"), Request for Judicial Notice ("RJN"), Exhibit 1 to Motion to Dismiss.) The DOT securing repayment of the mortgage loan identified Plaintiffs as the borrowers, "Nationpoint A Division of Nat. City Bank of In." as the Lender and Beneficiary and Lenders First Choice as the Trustee. (Doc. 1-2, p. 33.)

The loan was subsequently transferred to BANA as the loan servicer. (Compl. Para. 18.) In 2010, Plaintiffs contacted BANA to seek a loan modification. *Id.* Plaintiffs allege that in February 2013, BANA offered them a trial plan period ("TPP"). (Compl. Para. 20.) Pursuant to the TPP with BANA, Plaintiffs were required to make three payments of $1,825 on February 1, 2013, March 1, 2013 and April 1, 2013. *Id.* "Once all three payments were received on a timely basis, Plaintiff would be offered a permanent loan modification." *Id.* Plaintiffs made two payments. (Compl. Para. 21.)

In April 2013, Plaintiffs were advised by BANA to default on the TPP so that they could get a better modification under HAMP. (Compl. Para. 21.) Relying on the representation that they would qualify for a better modification under HAMP and that they should stop making payments on the TPP and instead submit a new application for a modification under HAMP,

United States District Court
Northern District of California

1   Plaintiff did not make the April 2013 on the TPP.  Instead they submitted a new loan modification

2   packet under HAMP to BANA. *Id*.

3       In December 2013, Plaintiffs' loan was formally transferred to SPS.  (Compl. Para. 23.)  In

4   December 2014, Plaintiffs received a letter from SPS stating that in June of 2014 they failed to

5   complete the loan modification process with  SPS.  *Id*.  Plaintiffs allege that the loan "was not with

6   SPS in 2014."  *Id*.  Plaintiffs also allege that they never received any information regarding a

7   modification process during that time.  *Id*.

8       On September 17, 2014, NDSC, as Trustee for the DOT, recorded a Notice of Default and

9   Election to Sell Under  Deed of Trust ("NOD") for the Property.  (Compl. Para. 24., Exhibit B to

10   Complaint.)  The NOD stated that Plaintiffs' past due amount was $193,168.15.  *Id*.  On

11   December 24, 2014, a Notice of Trustee's Sale was recorded, stating that Plaintiffs' unpaid

12   balance was $530,685.86.  (Exhibit C to Complaint.)

13       Defendants allege in their Motion to Dismiss that on March 19, 2015, the Property was

14   sold and reverted back to the Deutsche Bank National Trust Company, as Trustee, in trust for

15   registered Holders of First Franklin Loan Trust 2005-FFH3, Asset-Backed Certificates, Series

16   2005-FFH3.

## LEGAL STANDARD

18    The purpose of a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6)

19   is to test the legal sufficiency of the claims stated in the complaint.  A motion to dismiss may be

20   brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be

21   granted.

22       A complaint must contain a "short and plain statement of the claim showing that the

23   pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual

24   allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a

25   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949

26   (2009)  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955

27   (2007)).  Facial plausibility is established "when the plaintiff pleads factual content that allows the

28   court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 783 (9th Cir. 2012). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

First and Third Causes of Action

Defendants move to dismiss Plaintiffs' first cause of action for breach of the covenant of good faith and fair dealing and third cause of action for anticipatory breach on the main ground that these causes of action are predicated on a breach of a contract that either has not been sufficiently articulated or does not exist. Defendants contend that Plaintiffs have not pled, and cannot plead, the essential elements of claims involving breach of contract as to SPS or NDSC.

Defendants argue first that the alleged TPP was with BANA, not with either SPS or NDSC. Second, Defendants argue that Plaintiffs do not allege that they came to mutual terms with either SPS or NDSC. Third, Defendants argue that Plaintiffs admit in the Complaint that they could neither consent to nor perform under the terms of the TPP, and thus did not do so. (Compl. Para. 31-32.) Fourth, Defendants argue that Plaintiffs must be able to show their performance under the contract. Here, Plaintiffs have been in default on their contractual mortgage loan for years before any Defendant could have "breached" a contract in 2013. Defendants conclude that neither SPS nor NDSC negotiated, consented to or promised Plaintiffs anything. They argue that Plaintiffs cannot enforce a contract that, even if it has been articulated, is unenforceable because the terms were obviously so impossible to care out.

Plaintiffs clarify in their Opposition that the contract at issue is the TPP. A breach of the

4

1    implied covenant of good faith and fair dealing is necessarily a breach of contract. *Digerati*

2    *Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 885 (2011). Thus, a plaintiff

3    must allege the same elements as to a beach of implied contract claim, along with an unfair

4    interference with the plaintiff's right to receive the benefits of the contract. *Thrifty Payless, Inc. v.*

5    *Americana AT Brand*, *LLC*, 218 Cal. App. 4th 1230, 1244 (2013). Further, the existence of a

6    contract is requirement of anticipatory breach. *Taylor v. Johnston*, 15 Cal.3d 130, 137 (1975) ("an

7    essential element of a true anticipatory breach of contract is that the repudiation by the promisor

8    occur before this performance is due under the contract"). To show the existence of a contract, a

9    plaintiff must show offer, acceptance, and consideration. *See Hecimovich v. Encincal Sch. Parent*

10   *Teacher Org.*, 203 Cal. App. 4th 450, 474-75 (2012).

11        In response to Defendants' contention that Plaintiffs cannot show the breach of an

12   enforceable contract either SPS or NDSC who were not parties to the TPP, Plaintiffs assert that a

13   valid breach of contract claim exists against the transferee servicer for failing to honor transferor's

14   offered repayment agreement, citing *Croshal v. Aurora Bank*, *F.S.B.*, 2014 WL 2796529 (N.D.

15   Cal. June 19, 2014). *Croshal*, however, is readily distinguishable from the present case, as the

16   defendant transferee in *Croshal* did not argue, as Defendants do here, that it was not bound by the

17   repayment agreement.

18        Plaintiffs do not allege that SPS or NDSC were parties to the TPP or that they and SPS or

19   NDSC agreed to any terms in regard to the TPP. Plaintiffs do not otherwise allege the elements

20   necessary for the formation of a contract between themselves and either SPS or NDSC. Rather,

21   Plaintiffs allege that they received a TPP from BANA at the end of February 2013. (Doc. 1-2,

22   Complaint, para. 20.) There is no allegation in the Complaint that either SPS or NDSC were

23   parties to that offer. The court finds, therefore, that Plaintiffs have failed to allege facts sufficient

24   to support a breach of contract claim against SPS or NDSC, or even the existence of a contract

25   with those Defendants. Thus, the court must further find that Plaintiffs have failed to state a claim

26   for either breach of the implied covenant or anticipatory breach as to those two Defendants. The

27   motion to dismiss presents no argument on these claims as to BANA. The court will therefore

28   grant the motion to dismiss the first and third causes of action as to Defendants SPS and NDSC

and deny it as to BANA.

Second Cause of Action for Promissory Estoppel

Defendants move to dismiss Plaintiffs' second cause of action for promissory estoppel, arguing that Plaintiffs fail to allege that Defendants SPS or NDSC made any statements to them on which they relied to their detriment.

"The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *U.S. Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 905 (2005) (internal quotation marks omitted).

Plaintiffs allege that they have adequately pled the requisite elements of a cause of action for promissory estoppel, citing *Alimena v. Vericret Financial, Inc.*, 964 F.Supp.2d 1200 (E.D.Cal. 2013). However, *Alimena* is clearly distinguishable as the court therein expressly refused to extend liability on promissory estoppel claims to defendants not involved in the promises alleged to have been extended by a prior servicer. Here, there is no allegation in the Complaint that either SPS or NDSC promised Plaintiffs a loan modification.

Neither SPS nor NDSC are mentioned in this cause of action, and there is no allegation that Plaintiffs moved for a loan modification with either of them. California law provides that subsequent, transferee servicers (i.e., SPS) are not obligated to honor oral promises regarding modifications or other foreclosure alternatives if they are made by a prior servicer. *See* Cal. Civ. Code Section 2924.11(g) (creating such an obligation in the case of written approval).

The court must agree with Defendants that neither the Complaint nor the Opposition offer a set of facts in which SPS or NDSC made a promise or representation to Plaintiffs on which they could have relied. Accordingly, the second cause of action will be dismissed as to those Defendants. However, Defendants have not shown that Plaintiffs have failed to state a claim against BANA. Thus, the court will deny the motion the second cause of action as to BANA.

//

//

Fourth Cause of Action

Defendants move to dismiss Plaintiffs' fourth cause of action for a violation of California Civil Code Section 2923.55. Section 2923.55(b)(2) provides that, prior to the recording of a Notice of Default, a beneficiary or authorized agent must contact the borrower via telephone or in person to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. Here, Plaintiffs allege that none of the Defendants contacted them, or attempted to contact them to discuss their financial situation or options for avoiding foreclosure as required under Section 2923.55(b)(2). They allege that the paragraph in the Notice of Declaration claiming that Defendants had complied with that requirement is false.

Plaintiffs' allegations in support of this cause of action are negated by their concessions that they were in modification discussions with BANA long before the NOD was recorded. (Complaint, Paragraphs 18-22, 68); s*ee Johnson v. SunTrust Mortg., Inc.,* No. CV 14-2658 DSF (PJWx), 2014 WL 3845205, at *4 (C.D. Cal. Aug. 4, 2014) (finding that "[a]lthough Plaintiffs were not satisfied with the result of . . . the information they received from [defendant], this provision only 'contemplates contact and some analysis of the borrower's financial situation.'") (quoting *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp. 2d 862, 877 (N.D. Cal. 2010); *Brown v. U.S. Bancorp*, No. CV 11-6125 CAS (PJWx), 2012 WL 665900, at *7 (C.D. Cal. Feb. 27, 2012) (holding "[b]ecause plaintiffs admit that they discussed loan modifications with [defendant] well before the notice of default was recorded, their allegation that defendants failed to comply with Section 2923.5[5] fails"). Here, because Plaintiffs concede that they had discussions with BANA regarding their financial situation and loan modification options, this alleged violation of Section 2923.55(b)(2) fails. The court will grant the Motion as to all Defendants on this cause of action. Because the claim cannot be cured by amendment, it will be dismissed with prejudice.

//
//
//
//

Fifth Cause of Action

Defendants move to dismiss Plaintiffs' fifth cause of action for violation of California Civil Code Sections 2923.6 and 2923.7.

Section 2923.6(c) provides in part that the mortgage servicer, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs: "(1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired." Section 2923.7(a) provides that upon the request of a foreclosure prevention alternative, the mortgage servicer "shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."

Plaintiffs contend that they requested a loan modification, but that Defendants have not made a written determination that they are not eligible for a first lien loan modification, in violation of Section 2923.6. Plaintiffs further contend that despite their request for assistance with an alternative to foreclosure, they were not provided with the name or information of their "case manager," in violation of Section 2923.7.

California Civil Code Section 2923.6 prevents a loan servicer from simultaneously considering a borrower's completed application for a loan modification while recording an NOD or NOTS, or conducting a foreclosure sale. Cal. Civ. Code Section 2923.6 (c), (h). Plaintiffs state in their Complaint that, "Plaintiffs loan was not with SBS in 2014." (Complaint, Para. 23.) The NOD was recorded on September 17, 2014. (Complaint, Para. 24.) Further, Plaintiffs do not allege that they applied for a loan modification with either SBS or NDSC, and in fact allege that they were notified by SPS that they had not done so. (Complaint, Para. 23.) Under the facts as alleged by Plaintiffs, the court finds that Plaintiffs have failed to state a claim against either SBS or NDSC on which relief can be granted as to Section 2923.6.

Section 2923.7 provides that a mortgage servicer must promptly establish a single point of contact for the borrower if the borrower has both requested a foreclosure prevention alternative and has requested that a single point of contact be provided. *See Greene v. Wells Fargo Bank,*

*N.A.,* No. 15-00048 JSW, 2015 WL 972991, *3 (N.D. Cal. Mar. 3, 2015) (claim pursuant to Section 2923.7 failed for failure to specifically request single point of contact). Plaintiffs do not allege that they requested either a foreclosure prevention alternative or a single point of contact from either SBS or NDSC. The court therefore finds that under the facts as alleged, Plaintiffs have failed to state a claim on which relief can be granted against those two Defendants in their fifth cause of action for violation of California Civil Code Sections 2923.6 and 2923.7. Defendants, however, have not shown a failure to state a claim regarding BANA. The court will therefore grant the motion to dismiss the fifth cause of action as to SBS and NDSC and deny the motion as to BANA.

Sixth Cause of Action

In their sixth cause of action, Plaintiffs seek injunctive relief pursuant to California Civil Code Section 2924.12, based on the alleged violations of Sections 2024.17, 2023.55, 2023.6, and 2923.7. Section 2924.12, however, specifies remedies available for material violations of specified foreclosure provisions. It does not itself establish a cause of action. *See Martinez v. Wells Fargo Bank, N.A.* 5:13-cv-05597 EJD, 2014 WL 1572689 at *3 (N.D, Cal. April 17, 2014) (cause of action for injunctive relief is a form of relief, not a cause of action). Accordingly, the sixth cause of action will be dismissed with prejudice as to all Defendants.

Seventh Cause of Action

In their seventh cause of action, Plaintiffs allege an unfair competition cause of action pursuant to the California Business and Professions Code Section 17200 ("the UCL"). Plaintiffs claim that the acts alleged in the Complaint were willful, oppressive, and malicious, in that Defendants engaged in acts of unfair competition with the deliberate intent to injure Plaintiffs.

Plaintiffs must allege facts with particularity in order to state an unfair competition claim pursuant to Section 17200. *Khoury v. Maly's of California, Inc*., 14 Cal. App. 4th, 612, 619 (1993). Specifically, plaintiffs must allege that they "[have] . . . lost money or property" as a result of a defendant's wrongful conduct." Cal. Bus. & Prof. Code Section 17204.

Here, Plaintiffs fail to allege a loss of money or property as a result of the wrongful conduct of either SPS or NDSC. (Compl. Paras. 85-89.) As Defendants argue, the Complaint is

1  predicated on the alleged misconduct of BANA, not that of SPS or NDSC.  SPS did not become
2  the loan servicer for the loan until after Plaintiffs allegedly entered into the TPP with BANA.
3  (Compl. Para. 23.)  Plaintiffs do not allege that they entered into a loan modification agreement
4  with either of the other two Defendants.  The court finds, therefore, that Plaintiffs' allegations are
5  insufficient to support an unfair competition cause of action pursuant to the California Business
6  and Professions Code Section 17200 against either SPS or NDSC.  The court will therefore grant
7  the motion to dismiss the seventh cause of action as to SPS and NDSC and deny it as to BANA.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The Motion to Dismiss is GRANTED on the first and third causes of action as to SPS and NDSC and DENIED as to BANA.
2) The Motion to Dismiss is GRANTED on the second cause of action as to SPS and NDSC and DENIED as to BANA.
3) The Motion to Dismiss is GRANTED on the fourth cause of action as to all Defendants, and this cause of action is dismissed with prejudice.
4) The Motion to Dismiss is GRANTED on the fifth cause of action as to SPS and NDSC and DENIED as to BANA.
5) The Motion to Dismiss is GRANTED on the sixth cause of action as to all Defendants, and this cause of action is dismissed with prejudice.
6) The Motion to Dismiss is GRANTED on the seventh cause of action as to SPS and NDSC and DENIED as to BANA.
7) Defendants' Request for Judicial Notice filed in connection with their Motion to Dismiss (Doc. 6-1) is GRANTED.

**IT IS SO ORDERED**.

Dated:  August 5, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge