United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TUAN FIELDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>　　　　Defendants.<br>_____/ | No. 15-cv-01262 NJV<br><br>ORDER RE MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION<br>(Doc. No. 23) |

Pending before the court is the Motion in Opposition to and to Expunge Notice of Pendency of Action filed by Defendants Select Portfolio Servicing, Inc., ("SPS") and National Default Servicing Corporation ("NDSC"). (Doc. 23.) For the reasons set forth below, the court will grant the motion.

**DISCUSSION**

The procedural history and factual background of this case is set forth at length in the court's order of August 5, 2015, and need not be repeated here . (Doc. 34) The additional fact relevant to the present motion is that on March 26, 2015, Plaintiffs filed a Notice of Pendency of Action, recorded on the subject property located at 140 Victoria Lane, Crescent City, California. (Doc. 7.)

A motion to expunge a *lis pendens* is governed by California Code of Civil Procedure Section 405.30, *et seq.*,

> At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice.   The claimant shall have the burden of proof under Sections 405.31 and 405.32.

Cal. Code Civ. Proc. §405.30. When a plaintiff has not stated a real property claim in her pleading, and/or the court determines that the plaintiff's claims lack probably validity, expungement of the improper lis pendens is mandatory. Cal. Code Civ. Proc. §§ 405.31 and 405.32. A real property claim is "a cause of action which would, if meritorious, after title to or the right to possession of real property or the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public entity. Cal. Code Civ. Pro. §405.4. Thus, to maintain a lis pendens, a complaint must, "set forth some cause of action affecting the title or right of possession of the specific real property described in the *lis pendens*. When it does not do so the *lis pendens* becomes a nullity." *Brownless v. Vang*, 206 Cal. App. 2d 814, 817 (1962). Otherwise, "any litigant could effectively tie up the title of another litigant in an ordinary action for money, with complete immunity to the requirement for posting attachment bonds." *Id*.

    Plaintiffs' first cause of action for breach of the covenant of good faith and fair dealing, second cause of action for promissory estoppel, and third cause of action for anticipatory breach are all claims for monetary damages, not for declaratory relief or title to the subject property. Plaintiffs' fourth, fifth and sixth causes of action are based on various sections of the California Homeowner Bill of Rights ("HBOR"), and seek an injunctive preventing foreclosure. However, the fourth and fifth cause of action are brought under subsections of California Civil Code Section 2923 for which injunctive relief is available only if a trustee's deed upon sale has not been record. Cal. Civ. Code Section 2924.12. In this case, the Trustee's Deed Upon Sale for the property was recorded on April 3, 2015. (RJN, Ex.1.) The sixth cause of action is brought pursuant to a statute that does not provide for a cause of action, but merely establishes remedies for violations of other statutes. Cal. Civ. Code Section 2924.12. Finally, the seventh cause of action is based a statute that does not provide for injunctive relief regarding title to real property as a remedy. Cal. Bus. & Prof. Code Section 17200.

    Accordingly, the court finds that the Complaint does not set forth a cause of action affecting the title or right of possession of the real property described in the *lis pendens.* The *lis pendens* is therefore a nullity.

    Based on the foregoing, IT IS HEREBY ORDERED that:

1)     Defendants' Request for Judicial Notice is GRANTED;

2) Defendants' Motion to Expunge Notice of Pendency of Action is GRANTED,

3) The Notice of Pendency of Action recorded on or about April 1, 2015, in the Del Norte Recorder's Office against real property located at 140 Victoria Lane, Crescent City, California, 95531, is HEREBY expunged.

IT IS SO ORDERED.

Dated: August 5, 2015

NANDOR J. VADAS
United States Magistrate Judge